UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR RENE HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY A. BEARD, et al.,<br><br>Respondents. | No. 2:16-cv-0328 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding with counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Following a Sacramento County jury trial, petitioner was found guilty of committing several sex offenses involving his minor nephew. After sentencing, which occurred June 29, 2012, petitioner was ordered to serve 37 years and 8 months imprisonment in the California Department of Corrections and Rehabilitation. Petitioner presents six claims for relief. For the reasons set forth below, the court recommends that all claims be rejected.

I. <u>Background</u>

On direct appeal, the California Court of Appeal, Third Appellate District, summarized the facts presented at petitioner's trial and the proceedings relevant to petitioner's claims as follows:

/////

1

The victim testified that defendant (his maternal uncle) engaged in sexual contact with him, beginning when the victim was in sixth grade and ending after his freshman year in high school. The sexual contact began with touching but eventually included multiple episodes of oral and anal sex. Toward the end of the multi-year period, the victim said he asked defendant to stop the sexual contact at least five times. Eventually, the victim reported the conduct to his father and brother. When the family confronted defendant about the offenses, defendant nodded in the affirmative.

After the police were contacted, Detective Andrew Bates with the Folsom Police Department conducted an investigation. Detective Bates also arranged for the victim to be interviewed by an expert in child sexual abuse.

Months before trial, defendant filed a Pitchess motion, asserting that the poor quality of the police investigation justified production of the investigator's personnel records so that defendant could determine whether the investigator had been adequately trained or had ever been criticized for inadequate investigation. The trial court denied the motion, ruling that defendant had not shown good cause for disclosure.

In a motion in limine, defendant argued that he had subpoenaed the victim's psychological treatment records and that an interpretation of Proposition 9 (the Victims' Bill of Rights Act of 2008: Marsy's Law) to create an absolute privilege against disclosure of such records is unconstitutional. The trial court said it would follow *People v. Hammon* (1997) 15 Cal.4th 1117, 1119, 1128 [trial court is not required, at pretrial stage, to review or grant discovery of privileged information in the hands of third-party psychotherapy providers]. The trial court also said it had reviewed the records and the anticipated witness testimony, focusing especially on the possibility of inconsistent statements by the victim, and it did not see anything in the records warranting disclosure. To the extent defendant was claiming that Proposition 9 is unconstitutional, the trial court rejected that claim.

In another motion in limine, defendant sought exclusion of expert testimony regarding child sexual abuse accommodation syndrome (CSAAS), or in the alternative, for a special instruction on how the jury should apply the CSAAS evidence. Expert testimony on CSAAS may be offered to explain a victim's failure to report, or delay in reporting, sexual abuse. (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1300.) Such expert testimony is not admissible to prove that the offenses occurred, but it may be admissible to disabuse the jury of myths or misconceptions it might hold about how a child reacts to a sexual offense. (*People v. Patino* (1994) 26 Cal.App.4th 1737, 1744.) The trial court denied the motion in limine, stating that the expert had testified in the trial court previously, the trial court was generally familiar with what the expert would say regarding CSAAS, and it was the trial court's experience that some of the myths about which the expert would testify are still commonplace. Thus, the trial court would permit the expert to testify, but would exercise its discretion under Evidence Code section 352 to

discourage testimony regarding factors not presented by the evidence in the case. The trial court also indicated it would give CALCRIM No. 1193 [testimony on CSAAS] rather than the special instruction requested by defendant.

In addition, defendant made a motion in limine seeking to prevent the victim's father and brother from describing the victim's statements regarding the details of the offenses. The trial court denied the motion, ruling that some details were admissible to establish context; but the trial court would exercise its discretion under Evidence Code section 352 to prevent excessive detail, and it would give a limiting instruction at the time the evidence was presented. The trial court subsequently instructed the jury that the statements were not admitted for the truth but as evidence about the circumstances of the disclosures.

The jury convicted defendant on 12 counts of lewd and lascivious acts with a child under age 14 (Pen. Code, § 288, subd. (a) -- counts one through twelve), two counts of oral copulation by a person over 21 years of age with a person under age 16 (Pen. Code, § 288a, subd. (b)(2) -- counts thirteen and fourteen), and two counts of sodomy by a person over 21 years of age with a person under age 16 (Pen. Code, § 286, subd. (b)(2) -- counts fifteen and sixteen). . .

Resp't's Lodgd Doc. No. 10 at 2-4.

The Court of Appeal affirmed judgment, except with respect to the trial court's calculation of sentence credit, id. at 12-13, and the California Supreme Court denied petitioner's request for review of that decision. Resp't's Lodged Docs. No. 11 & 12.

II. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

/////

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The court looks to the last reasoned state court decision, if there is one, as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). The California Court of Appeal's decision on direct appeal (Resp't's Lodged Doc. No. 10) is the last reasoned state court decision with respect to petitioner's first four claims. The final two claims were only presented to the California Supreme Court and were denied without comment. Resp't's Lodged Docs. No. 13 & 14.

4

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

III. Petitioner's Claims and Analysis

    A. Denial of "Pitchess" Motion

In his first claim, petitioner asserts his Constitutional rights to due process and a fair trial were violated when the trial court denied petitioner's motion for in camera review of the personnel file for Detective Andrew Bates which was made pursuant to Pitchess v. Superior Court, 11 Cal.3d 531 (1974). Petitioner argues the trial court should have reviewed the file because "Bates contacted few witnesses and had never investigated the complaining witness' motive to fabricate the accusations."

"[T]here is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Prosecutors generally must share all evidence favorable to the accused, Brady v. Maryland, 373 U.S. 83, 87 (1963), but are not required to share all useful information, U.S. v. Ruiz, 536 U.S. 622, 629 (2002). Also, in order to obtain relief based upon a Brady violation, prejudice must be established. Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

In this instance, petitioner has not shown he was denied any favorable evidence, so his first claim must be rejected. Further, the California Court of Appeal's rejection of petitioner's claim is not contrary to, nor based upon an unreasonable application of federal law and is not based upon an unreasonable determination of the facts. For these reasons, petitioner is precluded from obtaining relief on his first claim by 28 U.S.C. § 2254(d).

    B. "Child Sexual Abuse Accommodation Syndrome"

Petitioner claims his right to due process and a fair trial were violated by the trial court's admission of evidence concerning "Child Sexual Abuse Accommodation Syndrome." On direct appeal, the California Court of Appeal addressed petitioner's claim as follows:

> CSAAS testimony must be tailored to the evidence in a given case, targeting specific myths or misconceptions suggested by the facts at issue. (*People v. Bowker* (1988) 203 Cal.App.3d 385, 393.) Where the victim's credibility is at issue, it may be used in the prosecution's case-in-chief. (*People v. Patino*, *supra*, 26 Cal.App.4th at p. 1745.)

5

> Defendant urges California courts to reconsider the admissibility of CSAAS, noting that four other states have decided to routinely exclude it. But he acknowledges that we are bound by California precedent on this subject. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)
>
> Defendant also acknowledges that we review the trial court's ruling for abuse of discretion. Here, defendant has not established that the trial court abused its discretion in admitting the CSAAS evidence. The testimony was relevant because the victim did not promptly report the abuse. And the trial court explained that in its experience, some of the myths about which the expert would testify are still commonplace, although the trial court said it would exercise its discretion under Evidence Code section 352 to discourage testimony regarding factors not presented by the evidence in the case. Moreover, the trial court allowed defendant to call his own expert, who testified that professionals do not agree about CSAAS, and children sometimes lie about sexual abuse to get attention or escape punishment.
>
> The trial court did not abuse its discretion.

The Supreme Court has never indicated that introduction of evidence related to CSAAS generally, as it was introduced in this case, or the introduction of materially analogous evidence, violates any Constitutional right. Accordingly, as with petitioner's first claim, the court finds that that the California Court of Appeal's rejection of petitioner's second claim is not contrary to, nor based upon an unreasonable application of Supreme Court authority. Furthermore, the decision is not based upon an unreasonable determination of the facts. For these reasons, petitioner is precluded from obtaining relief by 28 U.S.C. § 2254(d).

### C. Instruction Regarding "Child Sexual Abuse Accommodation Syndrome"

At trial, petitioner's counsel requested that jurors be instructed as follows with respect to CSAAS:

> You have heard testimony from Dr. Anthony Urquiza, Ph.D. regarding Child Sexual Abuse Accommodation Syndrome.
>
> Child Sexual Abuse Accommodation Syndrome research is based upon an approach that is completely different from that which you must take in this case. The syndrome research begins with the assumption that a molestation has occurred, and seeks to describe and explain common reactions of children to that experience. As distinguished from that research approach, you are to presume that the defendant is innocent. The people have the burden of proving guilt beyond a reasonable doubt. As such, testimony about Child Sexual Abuse Accommodation Syndrome is not evidence that the defendant committed any of the crimes charged against him.

6

CT 322. The trial court refused to give this instruction, and, instead, informed jurors as follows:

> I understand that Dr. Urquiza has been called as a witness for the prosecution to testify regarding Child Sexual Abuse Accommodation Syndrome. His testimony about Child Sexual Abuse Accommodation Syndrome is not evidence that the defendant committed any of the crimes charged against him. You may consider this evidence only in deciding whether or not the alleged victim's conduct was not inconsistent with the conduct of someone who has been molested and in evaluating the believability of his testimony.

RT 290.

Petitioner claims the manner in which jurors were instructed violated his Constitutional rights to due process and a fair trial. However, petitioner fails to provide any clear explanation of the alleged violations, and the Supreme Court has never found a violation of Constitutional rights based upon similar facts.

After review of the record the court finds that the California Court of Appeal's rejection of petitioner's third claim is not contrary to, nor based upon an unreasonable application of Supreme Court precedent and is not based upon an unreasonable determination of the facts. For these reasons, petitioner is again precluded from obtaining relief by 28 U.S.C. § 2254(d).

D. Admission of Hearsay

In claim four, petitioner asserts his Constitutional rights to due process and a fair trial were violated when the trial court admitted into evidence testimony from the victim's father and brother concerning the victim's account of sexual abuse. On direct appeal, the California Court of Appeal addressed this claim as follows:

> The trial court said the proffered evidence was subject to the "fresh complaint" doctrine, that some details of the offenses were admissible to establish context, but the trial court would exercise its discretion under Evidence Code section 352 to prevent excessive detail, and it would give a limiting instruction at the time the evidence was presented. The trial court subsequently instructed the jury that the statements were not admitted for the truth but as evidence about the circumstances of the disclosures. Defendant did not object to the limiting instruction.
>
> The victim's father testified that the victim told him he and defendant had engaged in "every kind of sex" including "oral and anal sex." Later, the victim's brother testified about an incident that occurred when the victim was in sixth grade. The brother said the victim grabbed a knife during a trivial argument and barricaded himself in

their shared bedroom, saying, "You don't know what I've gone through," and "You don't know how it feels. You don't know what [defendant] has done to me. You don't know what it feels like to be told 'suck it or die.' You don't know what he's made me do." The brother testified that on another occasion -- when the victim was in tears over an argument with the boys' father -- the victim said defendant had sodomized him more than once.

Defendant claims the evidence was hearsay. But the fresh complaint doctrine provides that "proof of an extrajudicial complaint, made by the victim of a sexual offense, disclosing the alleged assault, may be admissible for a limited, nonhearsay purpose -- namely, to establish the fact of, and the circumstances surrounding, the victim's disclosure of the assault to others [when the disclosure and its circumstances] are relevant to . . . whether the offense occurred." (*People v. Brown* (1994) 8 Cal.4th 746, 749-750, 755-756; see also *People v. Burton* (1961) 55 Cal.2d 328.) According to the Supreme Court, the bare fact that a victim made a complaint would be "meaningless" and "immaterial" unless it also included sufficient detail for the jury to infer that the complaint related to the matter at issue. (*People v. Burton*, *supra*, 55 Cal.2d at p. 351.) Thus, relevant fresh complaint evidence is admissible if its probative value outweighs its prejudicial effect under Evidence Code section 352. (*People v. Brown*, *supra*, 8 Cal.4th at p. 760.)

Defendant claims the detail went too far, that the trial court should not have admitted statements from the father that defendant had engaged in "every kind of sex" including "oral and anal sex" and from the brother that the victim said defendant told him to "suck it or die." Those statements, he contends, improperly corroborated the victim's trial testimony and thereby caused a "miscarriage of justice." We disagree.

The trial court instructed the jury that the statements were not offered for the truth, were not offered as evidence that the offenses actually occurred. They were offered solely to provide the context in which the statements were made. Defendant did not object to the limiting instruction, and we presume the jury followed the instruction. As so limited, the evidence was a proper and admissible use of the statements. Moreover, the statements were not unduly prejudicial, because they provided only enough detail to supply context, and far less detail than the victim supplied in his trial testimony. The trial court did not abuse its discretion in admitting the challenged evidence.

But even if the evidence had been erroneously admitted, any error would have been harmless in this case. (*See People v. Manning* (2008) 165 Cal.App.4th 870, 880-881 [fresh complaint evidence, consistent with and cumulative of the victim's testimony, was harmless because the jury did not need to rely on the secondhand statements but was able to hear directly from the victim and judge the victim's credibility].)

/////

8

As with the claims already addressed, petitioner asserts a violation of his Constitutional rights in claim 4, but fails to point to any law in support of his argument other than very general principles such as the principle that evidentiary error that has a substantial and injurious effect on the verdict warrants federal habeas relief. See Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). Petitioner fails to point to any Supreme Court case in which evidence materially similar to the evidence admitted in petitioner's trial and admitted in a similar context was found to warrant relief.

Further, the Court of Appeal found that even if the evidence challenged by petitioner was admitted in violation of California law, the admission was harmless at least in part because the jury heard directly from the victim. The court finds this conclusion is not contrary to Supreme Court precedent, nor is it based upon an unreasonable interpretation of the facts. This being the case, 28 U.S.C. § 2254(d) precludes any finding by this court that the admission of the evidence challenged had a substantial and injurious effect on the verdict.

E. Ineffective Assistance of Counsel.

Petitioner asserts he was subjected to ineffective assistance of trial counsel in violation of the Sixth Amendment. In order to establish ineffective assistance of trial counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693–94. As to ineffective assistance claims in the federal habeas context, the Supreme Court has instructed: "The standards created by Strickland and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.] . . . When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal citations omitted).

In this case, the trial court reviewed records provided by the victim's therapist in response to a subpoena served by petitioner's trial counsel. CT 351. The trial court reviewed the records

in accordance with provisions of California law and found:

> Based on my review of the records and the indications of what the various witnesses will testify to, I don't see that there's anything in the records that would warrant disclosure. I was looking primarily at the possibility of inconsistent statements by the alleged victim and, at this point, I don't see any.

RT 30.

Essentially, petitioner argues his trial counsel should have made more of an effort to have the therapist's records released by arguing the information in the records may have rendered the evidence concerning CSAAS irrelevant or at least called into greater question the testimony of Dr. Urquiza.

The trial court reviewed the therapist's records and found that the information was generally consistent with other evidence to be presented. The trial court made this ruling knowing of the prosecution's intent to present evidence describing CSAAS to the jury in an attempt to explain the victim's delay in reporting sexual abuse and the defense's objection to that evidence. RT 30-31. Considering these facts, it was not unreasonable for trial counsel to not pursue release of the therapist's documents further, particularly as counsel was able to cross-examine both the victim and Dr. Urquiza as to whether CSAAS contributed to the victim's delay in reporting sexual abuse at the hands of petitioner, and was able to present evidence as to the legitimacy of CSAAS.

For these reasons, petitioner is not entitled to relief as to his ineffective assistance of counsel claim. Furthermore, the claim was presented to the California Supreme Court on collateral review which denied the claim without comment. The court finds that the California Supreme Court's denial is not contrary to, nor based upon an unreasonable application of Supreme Court precedent and is not based upon an unreasonable determination of the facts. For these reasons, petitioner is again precluded from obtaining relief by 28 U.S.C. § 2254(d).

F. <u>Ineffective Assistance of Appellate Counsel</u>

Finally, petitioner argues he received ineffective assistance of appellate counsel on direct appeal because his appellate counsel did not assert trial counsel's ineffectiveness as alleged above. In order to establish the prejudice necessary for ineffective assistance of appellate

counsel, a petitioner must show that, but for counsel's errors, he probably would have prevailed on appeal. <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434 (9th Cir 1989). Since the court finds no merit in his ineffective assistance of counsel claim, the court cannot find it probably that petitioner would have prevailed on the claim on direct review. Furthermore, this claim was also denied by California Supreme Court on collateral review without comment and petitioner has not shown relief is not precluded by 28 U.S.C. § 2254(d).

IV. <u>Conclusion</u>

For all of the foregoing reasons, the court will recommend that petitioner's petition for a writ of habeas corpus be denied, and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 2, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/hern0328.157

11